# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 23-7095**

EUGENE HUDSON, JR.,
        APPELLEE

v.

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES,
        APPELLANT

**September Term, 2024**

FILED ON: DECEMBER 27, 2024

---

Consolidated with 23-7140

---

Appeals from the United States District Court
for the District of Columbia
(No. 1:17-cv-02094)

---

Before: SRINIVASAN, *Chief Judge*, PILLARD and WILKINS, *Circuit Judges*

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. The panel has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the district court's order granting the Motion for attorney's fees in part and denying it in part be **AFFIRMED**.

\* \* \*

This case arises from an employment discrimination action brought by Eugene Hudson, Jr. against his former employer, American Federation of Government Employees (AFGE). Hudson prevailed at trial on one of his several claims, and the jury awarded him $100,000 in damages, substantially less than he sought.

A district court "in its discretion" may award attorney's fees and costs to the prevailing party in a Section 1981 action. 42 U.S.C. § 1988(b). After careful consideration, the district court did so here, awarding Hudson attorney's fees in the amount of $313,855. The court arrived at that amount after calculating a reasonable fee and then discounting it partly as a sanction against Hudson's lawyer for her inadequate recordkeeping and her litigation misconduct. The awarded amount was substantially lower than Hudson's attorney sought and substantially higher than AFGE argued was appropriate.

Both parties have appealed and ask this court to set aside the district court's fee award, with Hudson contending that the award is too low and AFGE contending that the award is too high. AFGE, for its part, argues that in cases involving deficient recordkeeping and litigation misconduct of the type and magnitude that occurred here, a district court lacks discretion to award fees in an amount exceeding the underlying damages award. We reject both parties' arguments and affirm the district court's fee award.

A district court has broad discretion in awarding fees and determining the amount of an award, and "we are ill-positioned to second guess [that] determination.'' *Morgan v. District of Columbia*, 824 F.2d 1049, 1066 (D.C. Cir. 1987). A district court's primary responsibility is to exercise its discretion "to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011); *see Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983). Accordingly, "we ask only that the district court judges exercise their discretion as conscientiously as possible, and state their reasons as clearly as possible." *Copeland v. Marshall*, 641 F.2d 880, 893 (D.C. Cir. 1980) (en banc).

Here, the district court's fee award was well explained, and the court's exercise of discretion was eminently reasonable. The court conducted a careful analysis of counsel's hourly rate under the relevant factors. Memorandum Opinion 6–11 (June 16, 2023); *see Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995). The court reviewed the hours counsel expended in the litigation and made reasonable factual determinations despite counsel's insufficient contemporaneous recordkeeping. Mem. Op. 11–16. The court also acted well within its discretion by reducing the amount of the award based on the modest degree of success achieved in the underlying litigation and as a sanction for counsel's misconduct. *Id.* at 16–23.

We also reject AFGE's request that we adopt a new rule confining a district court's discretion in cases involving inadequate recordkeeping and litigation misconduct such that the amount of a fee award cannot exceed the damages awarded in the underlying litigation. While district courts retain full discretion to take such considerations into account in setting the amount of a fee award in any individual case, there is no cause to establish an across-the-board rule of the kind sought by AFGE. *See Baylor v. Mitchell Rubenstein & Assocs.*, 857 F.3d 939, 955 (Henderson, J., concurring) ("The Court is careful not to dictate the outcome on remand, and rightly so because of the district court's discretion in fee matters." (citations omitted)).

3

* * *

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
Michael C. McGrail
Deputy Clerk